UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-cv-61723-BB

DERRICK THOMAS, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

PETERSON'S HARLEY DAVIDSON OF MIAMI, L.L.C.,
a Florida limited liability company,

    Defendant.
_____/

**DEFENDANT, PETERSON'S HARLEY DAVIDSON OF MIAMI, L.L.C.'S,
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, PETERSON'S HARLEY DAVIDSON OF MIAMI, L.L.C. ("Peterson's" or "Defendant"), a Florida limited liability company, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court to dismiss Plaintiff, DERRICK THOMAS' ("Plaintiff"), Complaint [D.E. 1], for failure to state a claim upon which relief can be granted. In support thereof, Peterson's states as follows:

**INTRODUCTION**

The instant matter is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Peterson's, relating to the alleged sending of five promotional text messages to Plaintiff's cellular phone number, which allegedly occurred between November 2, 2017 and April 1, 2018. [D.E. 1 ¶ 11]. For the reasons set forth herein, Plaintiff's Complaint should be dismissed.

**MEMORANDUM OF LAW**

**I.    MOTION TO DISMISS STANDARD OF REVIEW**

1

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual material … 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A facially plausible claim must allege facts that are more than merely possible .... The plausibility standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations and quotation marks omitted). While this Court must assume the truth of well pleaded factual allegations, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). Applying these well-known standards to the Complaint demonstrates that Plaintiff's claims should be dismissed.

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A PLAUSIBLE CLAIM UNDER THE TCPA

Plaintiff's Complaint appears to assert that Peterson's violated 47 U.S.C. §227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by sending Plaintiff and, upon information and belief others similarly situated, solicitation text messages without their consent. [D.E. 1 ¶ 25]. However, the allegations set forth in Plaintiff's Complaint fail to state a claim with the requisite plausibility to withstand dismissal.

In order to state a claim under the 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is required to allege sufficient facts to show that Peterson's used either an Automated Telephone Dialing System ("ATDS") or prerecorded voice to make a phone call or send a text message to Plaintiff's cellular phone without his prior express consent. *Augustin v. Santander Consumer USA, Inc.*, No., 43 F.Supp. 3d 1251, 1253 (M.D. Fla.) (citing 47 U.S.C. § 227(b)(1)(A). This requires Plaintiff to provide a sufficient factual basis for the assertion that Peterson's used either an ATDS or

prerecorded voice and sent solicitation text messages to Plaintiff's cellular telephone without Plaintiff's consent. Plaintiff must demonstrate sufficient facts from which this Court may infer that such text messages were sent and received in such a manner. As currently plead, the Complaint falls short of meeting this standard.

In *Doran v. Wells Fargo Bank, N.A.*, this court dismissed the complaint where the "[p]laintiff provide[d] no facts whatsoever about any automated or pre-recorded calls Defendant allegedly made," 878 F.Supp.2d 1312 (S.D. Fla. 2012).

Here, although Plaintiff provides a screenshot picture of the alleged text messages, Plaintiff does not provide any details regarding what specific number belonging to Plaintiff received the text messages. [D.E. 1 ¶ 11]. Furthermore, Plaintiff makes no specific factual allegations with regard to the equipment used to send the alleged text messages, aside from speculative and conclusory allegations that the text messages are "consistent with the use of an automatic telephone dialing system." *Id*. ¶ 14.

At a minimum, Plaintiff should be required to provide the phone number at which he, or any of the others alleged to be similarly situated, received the alleged messages. With nothing more than a picture, it is impossible to decipher whether Plaintiff did in fact receive these messages or whether he obtained this picture from the Internet, from another person, or any other potential number of scenarios. This approach does not unduly burden Plaintiff by requiring unnecessary pleading of technical details impossible to uncover without discovery. Rather, it necessitates that Plaintiff plead only facts easily available to him on the basis of his personal knowledge.

Simultaneously, such approach gives Peterson's fair notice by distinguishing this case from every other possible case that has been brought under the TCPA. Without any allegation that includes a single telephone number to which the text messages were allegedly sent, it is impossible

for Peterson's to adequately investigate the merit of Plaintiff's claims, if any, or to formulate any type of informed response to Plaintiff's Complaint.

Furthermore, Plaintiff's only basis for bringing this case as a putative class action is the speculative allegation that "On information and belief, Peterson's or a third-party acting on its behalf, sent substantively identical text messages *en masse* to the cellular telephone numbers of thousands of consumers." *Id.* ¶ 13. Although the pleading standard does not require detailed factual allegations, it does demand more than unadorned accusations of harm. *Sinaltrainal v. Coca-Cola Co.*, 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing *Ascroft v. Iqbal*, —-U.S. —-, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Further, deductions of fact are not admitted as true for the purpose of testing the sufficiency of class action allegations. *Sinaltrainal*, 578 F. 3d at 1268. The facts plead must state a claim for relief that is plausible on its face. *Id.* Here, Plaintiff's only alleged basis for bringing claims on behalf of a class is wholly speculative and conclusory, especially where Plaintiff fails to provide a single cellular telephone number alleged to have received the solicitous text messages.

As currently plead, Plaintiff's Complaint fails to satisfy the pleading requirements required to state a plausible claim under the TCPA. Accordingly, Plaintiff's Complaint should be dismissed.

### III.  ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO SUBMIT A MORE DEFINITE STATEMENT

A party may "move for a more definite statement" under Rule 12(e) when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). District courts also have the "inherent authority to require the [plaintiff] to file a more definite statement" if not by Rule 12(e), then by their authority "to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition." *Fikes v. City of Daphne*, 79 F. 3d 1079, 1083 n. 6 (11th Cir. 1996). Because Plaintiff's Complaint fails to sufficiently allege factual

allegations, Peterson's alternatively requests that Plaintiff be required to provide a more definite statement setting forth more specific facts supporting their claims under the TCPA, and to specifically include any telephone number or numbers which Plaintiff alleges received the solicitous text messages giving rise to the Complaint.

**WHEREFORE**, Defendant, PETERSON'S HARLEY DAVIDSON OF MIAMI, L.L.C., respectfully requests that this Honorable Court enter an issue an Order granting this Motion, dismissing Plaintiff's Complaint, or alternatively, requiring Plaintiff to submit a more definite statement, and providing for such additional relief as the Court deems just and proper.

Dated this 20th day of August, 2018.

>Respectfully submitted,
>
>s/Robert L. Switkes
>Florida Bar No. 241059
>rswitkes@switkeslaw.com
>s/Bradley F. Zappala
>Florida Bar No. 111829
>bzappala@switkeslaw.com
>**ROBERT L. SWITKES & ASSOCIATES, P.A.**
>407 Lincoln Road, Penthouse SE
>Miami Beach, FL 33139
>Telephone: (305) 534-4757
>Facsimile: (305) 538-5504
>*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of August, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robert L. Switkes
Robert L. Switkes, Esq.

## SERVICE LIST
**United States District Court, Southern District of Florida**
*Thomas v. Peterson's Harley Davidson of Miami, L.L.C.*
**18-cv-61723-BB**

**Avi Robert Kaufman**
Kaufman P.A.
31 Samana Drive
Miami, FL 33133
305-469-5881
Email: kaufman@kaufmanpa.com
*ATTORNEY FOR PLAINTIFF*