**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:18-cv-61723-BB

DERRICK THOMAS, individually and on behalf of all others similarly situated,

    *Plaintiff*,

v.

PETERSON'S HARLEY DAVIDSON OF MIAMI, L.L.C., a Florida limited liability company,

    *Defendant.*

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

    The Court should deny Peterson's Harley Davidson's motion to dismiss Plaintiff Derrick Thomas's complaint (D.E. 6) because it is meritless and untimely. Peterson's is adequately on notice of Plaintiff's and the putative class's Telephone Consumer Protection Act claim against Peterson's, arising from unsolicited, autodialed marketing text messages Peterson's sent to Plaintiff's and other consumers' cellular phone numbers. Each of Peterson's arguments to the contrary in the motion to dismiss is meritless.

    First, Plaintiff was not required to identify his phone number in the complaint to state a TCPA claim. Second, Plaintiff adequately alleges that Peterson's used an autodialer to send the text messages by describing the specific facts and circumstances surrounding Peterson's text messages that support that conclusion. Third, Plaintiff satisfies Rule 23's numerosity requirement at the pleading stage by alleging that Peterson's sent unsolicited text messages to thousands of other consumers. Peterson's motion to dismiss is therefore baseless.

Peterson's motion is also untimely because it was filed after Peterson's August 20, 2018 deadline to respond to the complaint, without leave of court (or any justification by Peterson's). This is a separate and independently sufficient basis to deny Peterson's motion.

Ultimately, Peterson's motion to dismiss is too little and too late.

## PLAINTIFF'S ALLEGATIONS

In the complaint, Plaintiff asserts a single claim for violation of the TCPA's autodialer provision against Peterson's, a Harley-Davidson dealership, on behalf of a putative class of all recipients of Peterson's unsolicited marketing text messages.  Complaint (D.E. 1).

Plaintiff alleges that between November 2, 2017 and April 5, 2018, Peterson's sent him at least five unsolicited text messages to his cellular phone number, from short code 599-25:



*Id.* at ¶ 11.

The unsolicited text messages Plaintiff received on his cellular phone number indicated that they were from "Petersons [sic] Harley-Davidson." *Id*.  Peterson's text messages solicited recipients' enrollment in Peterson's "VIP Club," which recipients could automatically do by "Reply[ing] Y." *Id*.  The text messages also promoted Peterson's motorcycles, apparel, and other merchandise. *Id*.

Based on these circumstances surrounding Peterson's text messages – including the ability to trigger an automated response by replying "Y," the text messages' unsolicited, commercial, and generic content, that substantively identical text messages were repeatedly sent to Plaintiff and others, and that they were sent from a short code – Plaintiff alleges that Peterson's used an autodialer to send the text messages *en masse* to Plaintiff and thousands of other consumers. *Id*. at ¶¶ 9, 13-15, 17.

## ARGUMENT

**I.    Plaintiff States a Putative Class Claim under the TCPA's Autodialer Provision**

To state a TCPA claim, Plaintiff must allege that Peterson's sent him a text message on his cellular phone number using an automatic telephone dialing system without his consent. TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).  To assert his claim on behalf of a class, Plaintiff must allege, among other things, that Peterson's sent its unsolicited text messages to at least 21 consumers.  *See Sanchez-Knutson v. Ford Motor Co.*, 310 F.R.D. 529, 536 (S.D. Fla. 2015) ("There is no rigid standard for determining numerosity. The Eleventh Circuit has held that generally, less than twenty-one is inadequate, more than forty adequate." (Internal annotations and citations omitted.)).  Plaintiff sufficiently does both, placing Peterson's on notice of Plaintiff's claim against it; and Peterson's arguments to the contrary are unsupported.

3

### A. Plaintiff is Not Required to Plead His Cellular Phone Number[1]

"[A]t the pleading stage, the TCPA does not require Plaintiff to provide the cell phone number that Defendant allegedly called. Plaintiff's allegation that Defendant called [his] cellular telephone provides adequate notice to Defendant of its conduct alleged to have violated the TCPA. Defendant may obtain information regarding the telephone number it allegedly called through discovery; the phone number is not necessary to put Defendant on notice of its alleged conduct. Accordingly, accepting the facts alleged in the complaint as true, the complaint states facts sufficient to allege a violation of the TCPA that is plausible on its face." *Williams v. Bank of Am., N.A.*, No. 4:14-cv-04809-RBH, 2015 U.S. Dist. LEXIS 79607, at *8-9 (D.S.C. June 18, 2015) (denying the defendant's motion to dismiss). *Accord Manfred v. Bennett Law, PLLC,* No. 12-CV-61548, 2012 U.S. Dist. LEXIS 173935, at *6 n.2 (S.D. Fla. Dec. 7, 2012) ("Plaintiff need not allege his specific cellular telephone number. The statute simply states that the call must be made to 'any telephone number assigned to a . . . cellular telephone service.' Bennett Law has provided no authority to support its position that Plaintiff's complaint must disclose Plaintiff's cell phone number."); *Buslepp v. Improv Miami, Inc.*, No. 12-CV-60171, 2012 U.S. Dist. LEXIS 62489, at *3-4 (S.D. Fla. May 4, 2012) ("The fact that Plaintiff does not identify the specific telephone number called or the identities of the putative class members is not fatal under *Twombly* and *Iqbal*. Plaintiff has alleged the date and content of the text message, and that numerous other persons received the same text to their cell phones. These factual allegations are … sufficient notice to Defendant to answer the complaint.").

---

[1] As part of Plaintiff's presuit investigation, more than a month before filing the complaint, Plaintiff sent written notice to Peterson's of his prospective TCPA claim that included Plaintiff's cellular phone number.  Disingenuously, notwithstanding Peterson's actual knowledge of Plaintiff's cellular phone number, Peterson's argues, without legal support, that it cannot be expected to adequately defend itself unless Plaintiff publicizes his cellular phone number.

### B. Plaintiff Sufficiently Alleges that Peterson's Used an Autodialer

Plaintiff sufficiently alleges that Peterson's used an autodialer to send the text messages. A TCPA plaintiff sufficiently alleges that text messages were sent using an autodialer by identifying "circumstances surrounding the text messages" that "create a plausible inference of autodialing," including: "their commercial, impersonal content"; that multiple texts were sent to the same recipient; that identical texts were sent to multiple recipients; that they were sent without the recipients' consent; and that they were sent from a phone number likely not associated with a cellular phone, like a short code. *Keim v. ADF Midatlantic, Ltd. Liab. Co.*, No. 12-80577-CIV, 2015 U.S. Dist. LEXIS 159070, at *12 (S.D. Fla. Nov. 9, 2015) ("Together, these allegations are more than sufficient to plead the autodialer element of Keim's TCPA claim."); *see Scott v. 360 Mortg. Grp., LLC*, No. 17-cv-61055, 2017 U.S. Dist. LEXIS 207513, at *17 (S.D. Fla. Dec. 14, 2017) ("'Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized. Prior to the initiation of discovery, courts cannot expect more.'"); *Smith v. Royal Bahamas Cruise Line*, No. 14-cv-03462, 2016 U.S. Dist. LEXIS 6204, at *10-12 (N.D. Ill. Jan. 20, 2016) (finding that several calls to the same recipient supports the inference that the defendant used an autodialer).

Here, to support the contention that Peterson's used an autodialer to send the text messages to Plaintiff (and others), Plaintiff alleges:

- Peterson's text messages were impersonal and generic.
- Peterson's sent Plaintiff five text messages.

- Peterson's sent identical text messages to Plaintiff and other recipients.[2]

- Peterson's text messages advertised its goods and services.

- Peterson's sent the text messages from a short code (599-25).

- Peterson's text messages included an automated process for joining its VIP Club.

- Plaintiff never consented to be sent the text messages.

Complaint at ¶¶ 1, 9-11, 13-15, 17.

Plaintiff alleges seven different facts supporting the conclusion at this stage of the litigation that Peterson's used an autodialer to send its unsolicited marketing text messages. Therefore, Plaintiff "meet[s] his 'obligation to provide the grounds of his entitlement to relief, and provide sufficient notice to Defendant to answer the complaint.'" *Scott*, 2017 U.S. Dist. LEXIS 207513, at *17-18; *cf. Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) (cited as *Doran [sic]* in Motion (D.E. 6) at p. 3) ("On the four occasions Defendant made phone calls to Plaintiff, Plaintiff alleges that he spoke with Defendant's representatives, which negates a claim that the calls were made by an automated dialing system or artificial or prerecorded voice. Plaintiff provides no facts whatsoever about any automated or pre-recorded calls Defendant allegedly made.").

### C. Plaintiff Sufficiently Alleges Numerosity

Plaintiff alleges, on information and belief based on the facts and circumstances surrounding the text messages he received, that Peterson's sent unsolicited autodialed marketing text messages to thousands of other consumers. Complaint at ¶¶ 9, 13, 14, 17. Plaintiff also alleges that Peterson's has exclusive knowledge of the exact number of recipients and their

---

[2] *See Izsak v. Draftkings, Inc.*, 191 F. Supp. 3d 900, 905 (N.D. Ill. 2016) ("While Izsak received only one text message … his allegation that the same message was sent *en masse* to thousands of wireless telephone numbers, which must be taken as true, points toward use of an ATDS.").

6

identities.  *Id.*  At this stage of the proceedings, this is enough to satisfy Plaintiff's obligation to plead Rule 23's required elements, including numerosity.  *See Izsak*, 191 F. Supp. 3d at 905 ("his allegation that the same message was sent *en masse* to thousands of wireless telephone numbers … must be taken as true"); *Buslepp*, 2012 U.S. Dist. LEXIS 62489, at *3-4 ("The fact that Plaintiff does not identify the specific telephone number called or the identities of the putative class members is not fatal under *Twombly* and *Iqbal*. Plaintiff has alleged the date and content of the text message, and that numerous other persons received the same text to their cell phones. These factual allegations are sufficient to meet plaintiff's obligation to provide the grounds of his entitlement to relief, and provide sufficient notice to Defendant to answer the complaint.").

Any further inquiry into numerosity at this time is premature.  *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309-11 & n.14 (11th Cir. 2008) (holding that dismissal for failure to satisfy Rule 23 is inappropriate "when the pleadings on their face did not show non-compliance with Rule 23 or when satisfaction of the Rule 23 requirements may have depended on factual matters within the knowledge or possession of the defendant"); *Lankford v. Carnival Corp.*, No. 12-24408-CIV-ALTONAGA/Simonton, 2013 U.S. Dist. LEXIS 195672, at *15-16 (S.D. Fla. June 18, 2013) ("[A] motion to dismiss a putative class on the basis of the pleadings alone should only be considered in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. … [O]n a motion to dismiss, Defendant bears the burden of demonstrating from the face of plaintiffs' complaint it would be impossible to certify the class regardless of the facts plaintiffs may be able to prove." (Internal citations and annotations omitted.)).

## II.     Peterson's Motion to Dismiss Is Untimely, and therefore should be Denied

Peterson's was required to respond to Plaintiff's complaint on or before August 20, 2018. *See* Affidavit of Service (D.E. 4).  However, Peterson's did not do so and did not seek an extension of time to do so.  Instead, Peterson's filed its motion to dismiss out of time without attempting to establish excusable neglect, providing any other reasonable justification, or seeking the Court's leave.  Based on its untimeliness alone, the Court should deny Peterson's meritless motion to dismiss.  *See Gill v. Wells*, 610 F. App'x 809, 812 (11th Cir. 2015) (citing *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1417, 191 L. Ed. 2d 365, 2015 WL 731905 (2015), affirming order denying motion as untimely, and holding:  "The choice to refuse to accept [a] motion [is] within the district court's inherent power to manage its docket.").

## CONCLUSION

Peterson's untimely motion to dismiss attempts to impose unreasonable and unnecessary pleading requirements on Plaintiff.  Plaintiff sufficiently states a putative class claim under the TCPA's autodialer provision by alleging in detail the particular facts and circumstances surrounding his receipt of the text messages, and that, on information and belief, Peterson's sent the same text messages to thousands of other consumers.  Nothing more is required to provide sufficient notice to Petersons to answer the complaint.

The Court should therefore deny Peterson's motion to dismiss.

| | |
|---|---|
| Dated:  September 3, 2018 | */s/ Avi R. Kaufman*<u>                         </u><br>Avi R. Kaufman (Florida Bar no. 84382)<br>KAUFMAN P.A.<br>400 NW 26TH Street<br>Miami, Florida 33127<br>Telephone: (305) 469-5881<br>Email: kaufman@kaufmanpa.com<br><br>*Counsel for Plaintiff Derrick Thomas* |

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on September 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Avi R. Kaufman*<u>                         </u>