UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-cv-61723-BB

DERRICK THOMAS, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

PETERSON'S HARLEY DAVIDSON OF MIAMI, L.L.C.,
a Florida limited liability company,

    Defendant.
_____/

**DEFENDANT, PETERSON'S HARLEY-DAVIDSON OF MIAMI, L.L.C.'S, REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, PETERSON'S HARLEY DAVIDSON OF MIAMI, L.L.C. ("Peterson's"), by and through its undersigned counsel, and pursuant to the Federal Rule of Civil Procedure 12(b)(6), 12(e), and Southern District of Florida Local Rules, hereby files this Reply in Support of its Motion to Dismiss Plaintiff's Complaint. In support thereof, Peterson's states as follows:

*INTRODUCTION*

On August 21, 2018, Peterson's filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [D.E. 6]. Alternatively, Peterson's Motion asked the Court to require Plaintiff to File a More Definite Statement pursuant to Fed. R. Civ. P. 12(e). On September 3, 2018, Plaintiff filed a Response in Opposition to Peterson's Motion. [D.E. 8]. Plaintiff's Response asserts four main arguments. First, Plaintiff argues that he is not required to include in his Complaint the telephone number where he allegedly received the text messages. Second, Plaintiff argues that he sufficiently alleges that Peterson's used an autodialer to send the text messages, based upon Plaintiff's contention that his allegations give rise to a "plausible inference of

autodialing." Third, Plaintiff argues that his Complaint contains allegations that suffice for his putative class action to withstand dismissal at this stage. Finally, Plaintiff argues that Peterson's Motion to Dismiss should be denied based on untimeliness.

I. **Plaintiff's Complaint Should Be Dismissed, or Alternatively, Plaintiff Should Be Required to File a More Definite Statement, Because the Allegations as Plead Are Ambiguous and Conclusory**

What "Plaintiff must plead to establish a violation of the TCPA is that the Defendants left … messages at a number assigned to a cellular telephone service using an automatic dialing system or an artificial or pre-recorded voice." *See Breslow,* 857 F.Supp.2d at 1319; *Buslepp v. B & B Entertainment, LLC,* 2012 WL 4761509, *4 (S.D. Fla. Oct. 5, 2012). Without any pleading of the specific telephone number or numbers alleged to have received the violative text messages, Peterson's cannot reasonably formulate a response to many of Plaintiff's allegations, including but not limited to whether any messages were actually sent to Plaintiff and whether such messages were sent to a "cellular telephone service."

Notwithstanding the foregoing, Peterson's acknowledges the cases cited by Plaintiff which found that failure to identify the specific telephone number called is not necessarily fatal to a complaint. However, Peterson's asserts that at a minimum, a motion for a more definite statement is appropriate where, as here, Plaintiff's Complaint is so vague and rife with conclusory allegations that it is impossible for Peterson's to know whether Plaintiff's claims have any validity, or whether Plaintiff is merely bringing this lawsuit and using a "placeholder" complaint for purposes of conducting a fishing expedition. Requiring Plaintiff to include the specific telephone number does not unduly burden Plaintiff, and merely ensures that Plaintiff is bringing a well-founded lawsuit and that Peterson's can reasonably prepare a response.

This approach does not burden plaintiffs unduly by requiring pleading of technical details impossible to uncover without discovery, rather it necessitates that they plead only facts easily available to them on the basis of personal knowledge and experience. At the same time, it gives fair notice to Peterson's by distinguishing the particular case that is before the court from every other hypothetically possible case under TCPA, and avoids the potential abuse of the discovery process to pressure defendants into settling weak cases. This approach balances the requirements of liberal pleading for plaintiffs and fair notice to defendants, and Peterson's asserts that such an approach is appropriate here.

## II.   Plaintiff's Putative Class Action Should Be Dismissed Because Plaintiff's Complaint Fails to Set Forth Sufficient Facts to Satisfy Fed. R. Civ. P. 23

Parties seeking class certification do not need to know the "precise number of class members," but they "must make reasonable estimates with support as to the size of the proposed class." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000). The "sheer number of potential class members may warrant a conclusion that Rule 23(a)(1) is satisfied." *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 665 (S.D. Ala. 2005) (citing *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004)). While "mere allegations of numerosity are insufficient," Fed. R. Civ. P. 23(a)(1) imposes a "generally low hurdle," and "a plaintiff need not show the precise number of members in the class." *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 684 (S.D. Fla. 2013). "Nevertheless, a plaintiff still bears the burden of making some showing, affording the district court the means to make a supported factual finding that the class actually certified meets the numerosity requirement." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009).

Here, a single named Plaintiff asserts that his class allegations are properly supported by sufficient factual context simply based upon Plaintiff's conclusory allegation that "Peterson's sent

3

unsolicited text messages to thousands of other consumers." Unlike the *Sanchez-Knutson* and *Lankford* cases cited in Plaintiff's Response, which involved multiple named plaintiffs and/or set forth specific, though estimated, numbers of class members with supporting allegations, Plaintiff here fails to identify any person other than himself who received an allegedly improper text message on a wireless phone. Rather, Plaintiff's only allegation in support of a putative class action is based "[o]n information and belief" that Peterson's or some other third party "sent substantively identical text messages *en masse* to the cellular telephone numbers of thousands of consumers." [D.E. 1 ¶ 13]. To be sure, neither Plaintiff's Complaint nor his Response explain how Plaintiff has any reasonable basis to allege that Peterson's sent the alleged text message to "thousands" of consumers. As such, Plaintiff's threadbare, speculative class claims fall woefully short of satisfying the "plausibility" requirement under *Twombly* and *Iqbal*.

Additionally, the private right of action authorized by the TCPA was created with the purpose of permitting a consumer to appear without an attorney in a small claims court to recover a minimum of $500 for each violation. *Local Baking Products. Inc. v. Kosher Bagel Munch. Inc.*, 421 N.J. Super. 268, 273 (N.J. Super. App. Div. 2011). Here, Plaintiff seeks the authorization of this Court to pursue a class action complaint via the private right of action clause in the TCPA, without providing any information or a single phone number for any of the class members.

Like the court in *Kosher Bagel*, this Court should dismiss the Plaintiff's Class Action Complaint because class action relief is not superior to that of the individual right to relief provided under the TCPA and allowing the action to proceed as the Plaintiff has requested is contrary to the legislative intent. This is even more true where Plaintiff's only alleged basis for bringing claims on behalf of a class is wholly speculative and conclusory, and Plaintiff fails to provide a single cellular telephone number alleged to have received the solicitous text messages.

**III.     Peterson's Minimal Delay In Filing Its Motion To Dismiss Was Excusable and Did Not Prejudice Plaintiff In Any Way**

Plaintiff's Response contends that Peterson's Motion to Dismiss should be denied on "untimeliness alone", because Peterson's filed its response 98 minutes after the deadline to respond. However, Peterson's submits that the brief delay was excusable, did not prejudice Plaintiff in any way, and should not bar Peterson's Motion from being decided on the merits.

This court has expressed a preference for resolving controversies on their merits, rather than by default. In *Vernon v. Medical Management Associates of Margate, Inc.,* 912 F. Supp. 1549 (S.D. Fla. 1996), the plaintiff filed a response to the defendants' motions to dismiss over three weeks after the deadline and on the eve of a court-ordered status conference. While the court noted that the response was untimely under Local Rule 7.1(C)(1), the court decided: "Nevertheless, in the interest of resolving these motions on the merits, we will consider the arguments raised in the Plaintiff's Response." *Id.* at 1553.

As an initial matter, it must be noted that the delay in filing a response was minimal and not for lack of effort. Indeed, the undersigned counsel was retained only shortly before the due date for a response and endeavored to bring itself up to speed with the case, research Plaintiff's claims to the extent possible, and draft a responsive pleading in as diligent a manner as they could. Although Peterson's acknowledges the issue raised by Plaintiff and does not dispute that the Motion to Dismiss was filed approximately 98 minutes after the clock struck midnight on August 20th, Peterson's respectfully asserts that the brief delay was excusable under the circumstances. Additionally, the brief delay did not prejudice the Plaintiff in any way, as it is unlikely that Plaintiff's counsel was nervously waiting for the motion to dismiss by the computer at 11:59PM on August 20, 2018.  Indeed, Plaintiff does not state how he was in any way prejudiced by Peterson's minimal delay in responding to Plaintiff's Complaint. Accordingly, Peterson's

respectfully requests that this honorable Court entertain the Motion as fully briefed by both parties.

**WHEREFORE**, Defendant, PETERSON'S HARLEY-DAVIDSON OF MIAMI, L.L.C., respectfully requests that this Honorable Court enter an Order granting this Motion, dismissing Plaintiff's Complaint, or alternatively, requiring Plaintiff to submit a more definite statement, and providing for such additional relief as the Court deems just and proper.

Dated this 10th day of September, 2018.

                                              Respectfully submitted,

                                              s/Robert L. Switkes
                                              Florida Bar No. 241059
                                              rswitkes@switkeslaw.com
                                              s/Bradley F. Zappala
                                              Florida Bar No. 111829
                                              bzappala@switkeslaw.com
                                              **ROBERT L. SWITKES & ASSOCIATES, P.A.**
                                              407 Lincoln Road, Penthouse SE
                                              Miami Beach, FL 33139
                                              Telephone: (305) 534-4757
                                              Facsimile: (305) 538-5504
                                              *Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robert L. Switkes<br>
Robert L. Switkes, Esq.

**SERVICE LIST**
**United States District Court, Southern District of Florida**
*Thomas v. Peterson's Harley Davidson of Miami, L.L.C.*
**18-cv-61723-BB**


**Avi Robert Kaufman**
Kaufman P.A.
31 Samana Drive
Miami, FL 33133
305-469-5881
Email: kaufman@kaufmanpa.com
*ATTORNEY FOR PLAINTIFF*